**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| BENEDIN CASASOLA-HERNANDEZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No.    2:26-cv-4488 |
| | : | |
| JAMAL L. JAMISON, *Warden, Federal* | : | |
| *Detention Center, Philadelphia*; | : | |
| JOHN RIFE, *Acting Field Office Director of* | : | |
| *Enforcement and Removal Operations,* | : | |
| *Philadelphia Field Office,* | : | |
| MARKWAYNE MULLIN, *Secretary of the* | : | |
| *Department of Homeland Security*; | : | |
| TODD BLANCHE, *Acting U.S. Attorney* | : | |
| *General*; U.S. DEPARTMENT OF | : | |
| HOMELAND SECURITY; and | : | |
| EXECUTIVE OFFICE FOR | : | |
| IMMIGRATION REVIEW; | : | |
| Respondents. | : | |

_____

## <u>O R D E R</u>

**AND NOW,** this 15th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

---

[1]    Petitioner Benedin Casasola-Hernandez, a citizen of Honduras, last entered the United States without inspection in 2020, at the United States-Mexico border. *See* Pet. ¶¶ 1, 17, ECF No. 1. Upon entering the country in 2020, Petitioner "was encountered by DHS officers," who "detained and processed" Petitioner and held him "for approximately four days," thereafter releasing him to live in Philadelphia, Pennsylvania, with his family. *Id.* at ¶ 18. Petitioner has since lived in Philadelphia, where he "established community" and obtained a job in construction. *Id.* at ¶ 19. On June 27, 2026, Petitioner was arrested and detained by ICE agents while on his way to work, and was placed in custody at the Philadelphia Federal Detention Center. *Id.* at ¶ 2. Petitioner "accepted voluntary departure while at the ICE office before he had an opportunity to speak with counsel." *Id.* at ¶ 20. Petitioner, through counsel, has since "withdrawn his request for voluntary departure by emailing Philadelphia ERO," claiming that "the request was not knowing or voluntary." *Id.* Petitioner "has never been arrested, charged, or convicted of a crime, outside of his immigration arrest." *Id.* at ¶ 49.

Petitioner is currently being held in ICE custody without bond having been set. Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus on June 29, 2026, in which he alleges that his current detention without a bond hearing violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment Due Process Clause. *See id.* ¶¶ 43-71.

Opposition, ECF No. 5;[2] Petitioner's email correspondence to the Court, dated July 13, 2026; and

for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518,

2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center*

*Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are

incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.      Petitioner Benedin Casasola-Hernandez is not subject to mandatory detention under

8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary

provisions of 8 U.S.C. § 1226(a);[5]

---

[2]      On July 8, 2026, the Government Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Petitioner's detention does not violate Constitutional due process requirements. *See* ECF No. 5.

[3]      These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 5, at 5 n.5.)

[4]      Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his arguments regarding the APA or Fifth Amendment due process violations. Since the INA violation is based on the lack of a bond hearing, the Court will order one. Because the petition also seeks relief in the form of immediate release, it is thus granted only in part.

[5]      Unlike the habeas petitioners in *Restrepo* and *Mirdjalilov*, Petitioner has no pending application for citizenship or asylum—in fact, he has never attempted to obtain lawful status in the United States. *See* Pet. Thus, he cannot be said to be "seeking admission" as required for the Government to detain him under 8 U.S.C. § 1225(b)(2). He is not "taking active steps to obtain entry into the United States," but rather, "entered the United States in [2020] and has lived here ever since. . . . Section 1225 therefore does not apply to him." *See Quevedo Rivera, Derix Antonio v. Jamison*, No. 26-1653, 2026 WL 782166, at *3 (E.D. Pa. Mar. 19, 2026) (finding that a factually similar petitioner, who entered the United States without inspection and lived here for several years, was not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but the discretionary detention provision of 8 U.S.C. § 1226(a), because he was a noncitizen already present here (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).

2.        **Within seven (7) days of the date of this Order**, the Government SHALL provide

Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);[6]

3.        The Clerk of Court shall mark this case **CLOSED**.


BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[6]       The Court's determination in this case is limited to whether Petitioner is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). Having determined that he is not, it orders a bond hearing before an immigration judge. The Court notes, however, that there is another pertinent issue in this case over which it lacks jurisdiction.

It is unclear whether Petitioner's voluntary departure order was, in fact, withdrawn, in the time since his attorney's email to Philadelphia ERO. See Pet. at ¶ 20. Petitioner claims that his consent to voluntarily depart the country was not made knowingly or voluntarily, see id., but the Government has not responded to this contention, see ECF No. 5. In any case, this Court lacks jurisdiction to determine the validity of a voluntary departure order (or to otherwise nullify it or enjoin the Government from enforcing it), because judicial review of non-final orders of departure or removal is not permitted:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Here, Petitioner has not yet contested the validity of his voluntary departure order before an immigration judge, so there is no final order of removability for the Court to review. Courts are prohibited from "order[ing] a stay of an alien's removal *pending* consideration of any claim with respect to voluntary departure." 8 U.S.C. § 1229c(f) (emphasis added). Even if Petitioner did have a final order of removal from an Immigration Judge, the Court would only be permitted to review it if "the alien has exhausted all administrative remedies available to the alien as of right," see 8 U.S.C. § 1252(d)(1), including appealing to the Board of Immigration Appeals (BIA), see Cabrera v. Reno, 5 F. Supp. 2d 244, 245 (D.N.J. 1998) (denying petitioner's request for declaratory and injunctive relief with respect to immigration custody and pending removal; finding the Court lacked subject matter jurisdiction where petitioner failed to exhaust administrative remedies). Because Petitioner has not yet pursued these avenues of relief with respect to his voluntary departure order, we leave any such determination of the order's validity and enforceability to the immigration courts, which may opine on (i) whether the order was duly executed in accordance with immigration laws, and if so, (ii) whether other conditions of voluntary departure may apply, such as bond or detention pending departure. See 8 C.F.R. § 1240.26; see also United States v. Ramirez, 962 F.3d 1056, 1060 (8th Cir. 2020) ("Even where [statutory] requirements are met, the decision to grant voluntary departure rests in the discretion of the Immigration Judge.").